UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARKEL AMERICAN INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1438-DJS |
| | ) | |
| JOHN J. UNNERSTALL and | ) | |
| FIREMAN'S FUND INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

The matter before the Court is defendant Fireman's Fund Insurance Company's ("FFIC") motion to dismiss [Doc. #9]. FFIC has filed a brief in support, and plaintiff Markel American Insurance Company ("MAIC") has filed a brief in opposition. FFIC has not filed a reply brief, and the time to do so has expired. Accordingly, the motion is ready for disposition.

**Background**

On November 5, 2004, MAIC issued to defendant John J. Unnerstall ("Unnerstall") a policy of insurance to cover a vessel owned by Unnerstall. FFIC subsequently issued a policy of excess insurance for Unnerstall's vessel. On May 27, 2005, while both insurance policies were in full force and effect, Unnerstall's vessel was involved in an incident with another vessel while in a body of water known as the Lake of the Ozarks. It is alleged that passengers from both vessels have sustained personal injuries.

On August 13, 2007, MAIC filed a complaint for declaratory judgment seeking, among other relief, a declaration

that it has no further obligation arising out of the incident involving Unnerstall's vessel, and that FFIC must assume the obligation to defend or to indemnify Unnerstall with regard to any remaining claims arising from that incident. MAIC asserts that the action is an admiralty and maritime cause within the meaning of Fed.R.Civ.P. 9(h), and that this Court has jurisdiction pursuant to 28 U.S.C. § 1333. FFIC opposes this Court's jurisdiction, and has filed a motion to dismiss for lack of subject matter jurisdiction.

**Standard of Review**

For a court to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the defendant must successfully challenge the complaint either on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction such as this, all factual allegations regarding jurisdiction are presumed true and the motion may only succeed if the plaintiff has failed to allege an element necessary for subject matter jurisdiction. Id. "Dismissal for lack of subject matter jurisdiction will not be granted lightly." Wheeler v. St. Louis SW Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996) (citing Bowe v. Northwest Airlines, Inc., 974 F.2d 101, 103 (8th Cir. 1992)).

**Discussion**

FFIC, in its motion to dismiss for lack of subject matter jurisdiction, argues that the Lake of the Ozarks is not navigable water, and therefore the policies of insurance at issue in this case are not maritime contracts. MAIC opposes FFIC's motion, and

argues that regardless of whether the Lake of the Ozarks is navigable water, the action exclusively presents a contract dispute involving marine insurance, and therefore admiralty jurisdiction is proper.

Pursuant to 28 U.S.C. § 1333, federal courts have exclusive original jurisdiction over civil cases arising in admiralty. See 28 U.S.C. § 1333. Specific to the case before the Court, admiralty jurisdiction exists over a contract if it is a "maritime contract."[1] Kossick v. United Fruit Co., 365 U.S. 731, 735 (1961). However, as has been noted before, "[t]his broad statement is less helpful than it might seem, since there is no clear definition of what constitutes a 'maritime contract.'" Lewco Corp. v. One 1984 23' Chris Craft Motor Vessel, 889 F. Supp. 1114, 1116 (D. Minn. 1995). In this regard, the Supreme Court has stated that "[t]he boundaries of admiralty jurisdiction over contracts...being conceptual rather than spatial, have always been difficult to draw." Kossick, 365 U.S. at 735. However, despite acknowledging that "case [law] do[es] not draw clean lines between maritime and nonmaritime contracts," the Supreme Court has explained that:

> [t]o ascertain whether a contract is a maritime one, we cannot look to whether a ship or other vessel was involved in the dispute, as we would in a putative maritime tort case. Nor can we simply look to the place of the contract's

---

[1] A separate test for admiralty jurisdiction exists for cases alleging tort claims. See Three Buoys Houseboat Vacations U.S.A. Ltd. v. Morts, 921 F.2d 775, 777 (8th Cir. 1990) ("Admiralty jurisdiction as to torts requires locality (the situs of the waterway) and nexus (the status of the vessel or activities).").

- 3 -

> formation or performance. Instead, the answer "depends upon...the nature and character of the contract," and the true criterion is whether it has "reference to maritime service or maritime transactions."

Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 23 (2004) (citations omitted). Accordingly, the fact that an incident may have occurred in non-navigable water is not dispositive of the jurisdictional issue in a contract case. See La Reunion Francaise SA v. Barnes, 247 F.3d 1022, 1025 (9th Cir. 2001) ("[T]he navigability of the waters is dispositive only in the tort context."). Rather, in a case such as the one currently before the Court, it is necessary to examine the nature and character of the contract.

The Ninth Circuit Court of Appeals has recently dealt with issues similar to the ones presently before the Court. In La Reunion Francaise SA v. Barnes, an insurance company brought suit seeking to rescind an insurance policy issued for a vessel that had been stolen while stored on land. Although the insurance contract stated that the vessel had to be stored on land six months out of the year, the Court stated:

> [a]fter reviewing the entire contract, we conclude that the subject matter of this insurance policy is wholly maritime in nature....[The policies'] provisions are maritime in nature in that they "relate[ ] to a ship in its use as such, or to commerce or to navigation on navigable waters, or to transportation by sea, or to maritime employment."

Id. at 1026 (quoting Aqua-Marine Constructors, Inc. v. Banks, 110 F.3d 663, 671 (9th Cir. 1997)).

In this case, the insurance policy, entitled "Watercraft Insurance Policy," is for a 1989 Cigarette Bullet 33' watercraft. Navigation of Unnerstall's vessel was permitted on any and all "[i]nland lakes, rivers and intracoastal waterways of USA (excluding Great Lakes, & trib, Lakes Mean, Powell and Tahoe and Fox River – Chain of Lakes, IL)." Doc. #1, Ex. A. Therefore, as MAIC argues, Unnerstall's insured navigation of the vessel was permitted virtually everywhere within the boundaries of the continental United States. Accordingly, even if the incident that gave rise to the insurance claim occurred in non-navigable water, it is the finding of the Court that the underlying insurance contact relates to a ship in its use as such, and is a maritime contract. Therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1333. See Jefferson Ins. Co. of N.Y. v. Lopez, 2000 WL 33179290, *2 (E.D. Cal. July 6, 2000) (finding that the insurance contracts at issue in the case were marine insurance policies, "thereby invoking the admiralty jurisdiction of this court").

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Fireman's Fund Insurance Company's motion to dismiss [Doc. #9] is denied.

Dated this __18th__ day of December, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE