**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **MARKEL AMERICAN INSURANCE CO.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 4:07CV1438-DJS |
| ) | |
| **JOHN J. UNNERSTALL and** ) | |
| **FIREMAN'S FUND INSURANCE CO.,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

The matter now before the Court is plaintiff Markel American Insurance Company's motion for summary judgment [Doc. #19].[1] The motion has been fully briefed and is ready for disposition.

### Background

On November 5, 2004, plaintiff issued to defendant John J. Unnerstall ("Unnerstall") a policy of insurance to cover a vessel owned by Unnerstall. Defendant Fireman's Fund Insurance Co. subsequently issued a policy of excess insurance for Unnerstall's vessel. On May 27, 2005, while both insurance policies were in full force and effect, Unnerstall's vessel was involved in an incident with another vessel while on a body of water known as The Lake of the Ozarks in the State of Missouri. It is alleged that passengers from both vessels have sustained personal injuries.

On August 13, 2007, plaintiff filed a complaint for declaratory judgment seeking, among other relief: (1) a declaration

---

[1]On January 29, 2008, default judgment was entered against defendant Unnerstall. See Doc. #18.

that it has no further duty to defend or indemnify Unnerstall arising out of the May 27, 2005, incident involving Unnerstall's vessel; and (2) a declaration that defendant must assume the obligation to defend or to indemnify Unnerstall with regard to any remaining claims arising from that incident. Plaintiff now seeks summary judgment in its favor vís-a-vís both declarations.

## Standard of Review

In considering a motion for summary judgment, the Court must "view all of the evidence in the light most favorable to the nonmoving party and [will] give that party the benefit of all reasonable inferences to be drawn from the facts disclosed in the pleadings." Reich v. ConAgra, Inc., 987 F.2d 1357, 1359 (8th Cir. 1993). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, the 'nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" Burchett v. Target Corp., 340 F.3d 510, 516 (8th Cir. 2003) (quoting Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1107 (8th Cir. 1998)).

## Facts

For purposes of this motion, the Court finds that the following facts are not in dispute, or have not been specifically

controverted pursuant to E.D.Mo. L.R. 7-4.01(E).[2] On November 5, 2004, plaintiff issued an insurance policy, Policy No. RP2004864, to Unnerstall. This policy provided Hull & Machinery coverage on Unnerstall's 33 ft Cigarette Bullet power vessel, in the amount of $80,500.00, and Watercraft Liability coverage in the amount of $300,000.00. This policy was primary to a second policy, an excess or "umbrella" policy, which Unnerstall obtained from defendant.

Plaintiff's primary policy contains the following language:

LIABILITY COVERAGE

Watercraft Liability Coverage

If a premium charge is made on the Declarations Page, We will pay damages for bodily injury or property damage for which any Insured Person becomes liable through ownership, maintenance, or use of the Insured Property. This includes liability for property damage to another vessel. We will settle or defend, as We consider appropriate, any claim or suit asking for these damages. <u>Our obligation to settle or defend ends when the amount We pay for damages equals our limit of liability for this coverage.</u>

Doc. #21, p. 3 (emphasis added). Further, plaintiff's policy with Unnerstall states that:

Limit Of Liability

The limit of Our liability shown for Watercraft Liability or Waterskiing Liability on the Declarations Page is Our maximum limit of liability under this Section. This is the most We will pay, <u>regardless of the number of Insured Persons, claims made, or vessels involved in any</u>

---

[2]"All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D.Mo. L.R. 7-4.01(E).

- 3 -

> one accident, or series of accidents arising out
> of the same event.

Doc. #21-3, p. 6 (emphasis added). The parties have not referenced, and the Court has not found, a choice-of-law provision in plaintiff's policy with Unnerstall.[3]

On May 27, 2005, Unnerstall's vessel was involved in an incident. Immediately after receiving notice of the incident, plaintiff hired investigators to investigate and provide reports describing what had occurred. It was established that there had been an accident, somewhere on the body of water known as The Lake of the Ozarks, involving a vessel operated by Unnerstall and a second vessel operated by Barry Grant ("Grant"). Passengers in both vessels were injured, including Mark Degrande and Melissa Degrande (collectively, "the Degrandes"), who were friends of Unnerstall and who were aboard his vessel.

On June 13, 2005, pursuant to the terms of its policy, plaintiff appointed defense counsel to represent Unnerstall. On August 12, 2005, the Degrandes filed suit in the Circuit Court of Jackson County, Missouri, naming as defendants both Unnerstall and Grant. Grant also claimed to have sustained serious personal injuries and property damage, and asserted a crossclaim against Unnerstall. The defense counsel appointed by plaintiff to represent Unnerstall responded to the complaint filed by the Degrandes, and to the crossclaim filed by Grant. Further, Unnerstall's appointed defense counsel attended the depositions of

---

[3]The Court has not been provided with a copy of defendant's policy with Unnerstall.

- 4 -

the Degrandes, Unnerstall, and Grant; propounded and responded to discovery; attended hearings; and participated in a mediation that took place on December 13, 2006.

According to reports and medical records supplied by Unnerstall's appointed defense counsel, Melissa Degrande sustained a fractured left kneecap and presented medical bills of approximately $25,000.00. Further, Mark Degrande sustained a fractured right femur and presented medical bills of approximately $70,000.00. Additionally, Mark Degrande alleged lost income as a result of his injuries of approximately $300,000.00. Grant suffered a concussion and claimed that he will require hip replacement surgery. He claimed to have medical bills of approximately $10,000.00. Additionally, Grant asserted a claim for the value of his vessel in the amount of approximately $96,000.00.

On August 7, 2006, counsel representing the Degrandes made a formal demand for payment of $1,600,000.00 to settle their personal injury claims. On February 27, 2007, an agreement was reached with the Degrandes, calling for their case against Unnerstall to be settled in exchange for payment of the sum of $700,000.00. Pursuant to the terms of the settlement entered into with the Degrandes on behalf of Unnerstall, plaintiff paid out its full policy limits available under the terms of its policy, $300,000.00.

On March 21, 2007, counsel for the Degrandes entered a stipulation for dismissal with prejudice as to any further claims against Unnerstall in case no. 0516-CV-22400 in the Circuit Court

of Jackson County, Missouri. Further, a settlement agreement and release of all claims as against Unnerstall was executed by the Degrandes.

Up until the date on which the Degrandes' stipulation for dismissal with prejudice was entered, plaintiff paid the counsel defending Unnerstall $41,365.29 in connection with the defense of Unnerstall. After tendering its full policy limits in order to settle the claims of the Degrandes, but with additional claims remaining unresolved against Unnerstall, plaintiff tendered to defendant all further responsibility for the continuing defense of Unnerstall.[4] The said tender of defense was rejected by defendant. Plaintiff states that from May 3, 2007, when defendant rejected plaintiff's tender of the further defense of Unnerstall, up to the present date, it has incurred legal fees, both in connection with the continued defense of Unnerstall, and in connection with the action now before this Court.

**Discussion**

Plaintiff argues that the policy issued by plaintiff to Unnerstall contains a clear and unambiguous provision which permits it to terminate its duty to defend Unnerstall when its policy limits are exhausted, and that defendant wrongfully rejected the tender of Unnerstall's defense after plaintiff paid a settlement of $300,000.00. Defendant disagrees, and argues that plaintiff's policy language is vague and ambiguous and is therefore

---

[4]Specifically, defendant states that plaintiff did not settle the crossclaim of Grant, which is pending in the same litigation.

unenforceable.  Further, defendant argues that even if the policy language is enforceable, plaintiff has not put forth evidence of defendant's contractual obligation, and does not have standing to seek a declaration with regard to defendant's obligations owed to Unnerstall.

Plaintiff's insurance contract with Unnerstall in this case relates to a ship in its use as such, and is therefore a maritime contract.  See Doc. #15, p. 5.  Accordingly, this action is before the Court pursuant to the Court's original jurisdiction over civil cases arising in admiralty.  See 28 U.S.C. § 1333. "Disputes arising under marine insurance contracts are governed by state law, unless an established federal admiralty rule addresses the issue raised." Assicurazioni Generali S.P.A. v. Black & Veatch Corp., 362 F.3d 1108, 1111 (8th Cir. 2004); see also Pritchard v. Smith, 289 F.2d 153, 157 (8th Cir. 1961) (finding that, in cases arising under federal law where there "appears to be no well defined or established federal common law," a court is entitled to "look to state law").  In this case, the parties disagree as to the existence of an insurer's duty to defend its insured after that insurer's policy limits have been exhausted.  The parties have not directed the Court to, and the Court has not found, an established body of admiralty common law that deals with this issue. Accordingly, the Court will look to the law of the state where the insurance policy was issued and the accident occurred, Missouri.

Under Missouri law, "an insurer's duty to defend is purely contractual." Crown Ctr. Redevelopment Corp. v. Occidental Fire, 716 S.W.2d 348, 365 (Mo. App. 1986). "[I]f there is no contract to defend there is no duty to defend." Id. at 357; see also Millers Mut. Ins. Ass'n of Ill. v. Shell Oil Co., 959 S.W.2d 864, 871-72 (Mo. App. 1997) (finding that an insurer "may terminate its duty to defend...when the policy limits are exhausted in a good faith settlement on behalf of the named insured"). Further, insurance policies are contracts to which the rules of contract construction apply. See Peters v. Employers Mut. Cas. Co., 853 S.W.2d 300, 301-02 (Mo. 1993) (en banc) ("This Court has long held that the general rules for interpretation of other contracts apply to insurance contracts as well.") (citations omitted). If an insurance policy is unambiguous, it "will be enforced as written absent a statute or public policy requiring coverage." Id. at 302 (citations omitted). However, if the language is ambiguous, it will be construed against the insurer. Id. "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the words used in the contract." Id. (citation omitted).

The Court has reviewed the language in the policy, and finds that the language at issue is not duplicative, indistinct, or uncertain, and therefore is not reasonably open to different constructions. That is, regardless of the number of claimants that file suit against Unnerstall for the same event, the policy clearly states that plaintiff's "obligation to settle or defend ends when

the amount [it] pay[s] for damages equals [its] limit of liability for this coverage." Based on the rules of contract construction, the Court finds that plaintiff had a contractual duty to defend the insured until it paid a judgment or settlement equal to the policy limits.

Plaintiff's policy contained a policy limit of $300,000.00, "regardless of the number of Insured Persons, claims made, or vessels involved in any one accident...." It is undisputed that this amount was tendered by plaintiff and accepted by the Degrandes to settle their claims against Unnerstall. It was at this point that plaintiff's contractual duty to defend ceased. See Millers Mut. Ins. Ass'n of Ill., 959 S.W.2d at 867 ("When [the insurer] settled on behalf of [the insured], it exhausted the applicable policy limit of $500,000. Upon exhaustion, it had no duty to defend [the insured]....The policy has one limit of liability and when it is exhausted by payments of judgment or settlement, the duty to defend or settle ends."). Accordingly, the Court will grant summary judgment with regard to plaintiff's prayer for a declaration that plaintiff has no further obligation to defend or to indemnify Unnerstall with regard to any remaining claims arising out of the incident of May 27, 2005.

As noted above, an insurer's duty to defend is based on the insurance contract between the insurer and the insured. Although the Court does not have before it the language of defendant's policy with Unnerstall, defendant admitted paragraph 30 of plaintiff's complaint, which avers:

> 30. As stated herein, the Defendant Fireman's Fund issued to the Defendant Unnerstall a policy of insurance affording excess liability coverage for liabilities incurred by the said Defendant arising out of the use and/or operation of the watercraft referenced herein. Under the terms of the defendant Fireman's Fund's policy of excess liability insurance, <u>the said defendant is now obligated to take over the costs and the direction of any further or remaining defense of Unnerstall</u>.

Doc. #1, ¶30 (emphasis added); Doc. #16, ¶30. Nevertheless, plaintiff does not seek money damages from defendant to reimburse it for post-settlement fees paid to Unnerstall's defense counsel. Rather, plaintiff seeks only a declaration that defendant must <u>assume</u> the obligation to defend or to indemnify Unnerstall. The only standing a party has "to obtain a declaration of his rights, status, and legal relationship under [a] contract[] is if he is a party to the contract[] or he is a third party beneficiary to the contract[]." <u>Carden v. Mo. Intergovernmental Risk Mgmt. Ass'n</u>, 258 S.W.3d 547, 558 (Mo. App. 2008) (citing <u>Farmers Ins. Co. v. Miller</u>, 926 S.W.2d 104, 107 (Mo. App. 1996)). Since plaintiff has not alleged and presented undisputed evidence that it is a party to or a third-party beneficiary of the insurance contract between Unnerstall and defendant, plaintiff has not demonstrated that it has standing to seek a declaration of rights, status, or legal relationship pursuant to that contract. Accordingly, the Court will not grant summary judgment in plaintiff's favor with regard to plaintiff's prayer for a declaration that defendant must assume the

obligation to defend or to indemnify Unnerstall with regard to any remaining claims arising out of the incident of May 27, 2005.

Furthermore, it appears from the allegations in plaintiff's complaint that, for the above stated reasons, as a matter of law it is not entitled to a declaration regarding defendant's obligations pursuant to defendant's insurance contract with Unnerstall. Rather than leaving this issue for trial, the Court will order plaintiff to either voluntarily dismiss the remainder of its action, or to file with the Court a memorandum presenting disputed facts demonstrating that it is a party to or third-party beneficiary of the insurance contract between Unnerstall and defendant, such that it has standing to seek a declaration of rights therefrom.

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiff Markel American Insurance Company's motion for summary judgment [Doc. #19] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiff Markel American Insurance Company's motion for summary judgment is granted with regard to its prayer for a declaration that it has no further obligation to defendant or to indemnify defendant John J. Unnerstall with regard to any remaining claims arising out of the incident of May 27, 2005.

**IT IS FURTHER ORDERED** that plaintiff Markel American Insurance Company's motion for summary judgment is denied in all other respects.

**IT IS FURTHER ORDERED** that on or before **January 19, 2009**, plaintiff Markel American Insurance Company shall either voluntarily dismiss the remainder of its action, or file with the Court a memorandum presenting disputed facts demonstrating that it is a party to or third-party beneficiary of the insurance contract between defendant John J. Unnerstall and defendant Fireman's Fund Insurance Company, such that it has standing to seek a declaration of rights therefrom.

Dated this   9th    day of January, 2009.

                                /s/Donald J. Stohr
                                UNITED STATES DISTRICT JUDGE